UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-0017 WL |
| | ) | |
| SOUTH BEND POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Jerome Williams, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that South Bend Police Officers James Taylor, Bayne Bennett, and Brian Young caused him to be arrested and prosecuted without probable cause. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *id.*

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

In his complaint, Williams states that the defendants caused him to be arrested and prosecuted without probable cause. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Williams the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Fourth Amendment false arrest and prosecution claim.

In addition to Officers Taylor, Bennett, and Young, the plaintiff also names the South Bend Police Department as a defendant. As the municipal entity employing the individual defendants, the South Bend Police Department could be a proper official capacity defendant in a § 1983 action. *Monell v. Department of Social Services*, 436 U.S. 658

(1978). But the doctrine of *respondeat superior* may not be used in a § 1983 action to hold a municipality responsible for all the acts of its employees; municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Id.* at 694. For liability to attach against a municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (Emphasis in original). "Municipal liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Nothing in the plaintiff's complaint suggests that defendants Taylor, Bennett, and Young's actions were the result of a policy or practice established or sanctioned by municipal officials. Accordingly, the plaintiff has not stated an official capacity damage claim against the South Bend Police Department.

The plaintiff also asks the court to "look into this matter and see the conspiracy and the harsh incarceration that is put on me," and seeks injunctive relief on these conditions. (Complaint at p. 5). The plaintiff is housed at the St. Joseph County Jail and complains about some of the conditions of confinement at the jail. The defendants, however, do not operate the jail or have any control over conditions there. Under Indiana law, a county jail is under the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and

3

the sheriff is responsible for the care of the prisoners confined there. IND. CODE § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356-57 (Ind. App. 1994).

Accordingly, the plaintiff's claims related to conditions of confinement at the St. Joseph County Jail state no claim against the defendants. Where a *pro se* plaintiff has named defendants who lacked personal involvement in his claim, there are occasions when this court would allow him to amend his complaint to add the persons who were responsible for events he complained of. This case, however, is not one of them because *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) precludes Williams from bringing unrelated claims in the same action:

> A buckshot complaint that would be rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions--should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

*George v. Smith*, 507 F.3d at 607.

> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

> or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*George v. Smith*, 507 F.3d at 607.

This complaint deals with claims arising out of the arrest of Williams by Officers Taylor, Bennett, and Young. Williams may not bring unrelated claims of treatment at the St. Joseph County Jail against other defendants in this case, though he may file a separate § 1983 claim against officials employed at the jail in another complaint.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants James Taylor, Bayne Bennett, and Brian Young in their personal capacities for damages on his Fourth Amendment false arrest and prosecution claim;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), the South Bend Police Department and all other claims presented in the complaint;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon him, the defendants are to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Taylor, Bennett, and Young, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint

SO ORDERED.

DATED: May  13 , 2009

                                           **s/William C. Lee**
                                           William C. Lee, Judge
                                           United States District Court