UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, JR., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:09-CV-0017 WL |
| SOUTH BEND POLICE DEPARTMENT, *et al.*, | ) ) | |
| Defendants. | ) | |

*OPINION AND ORDER*

Jerome Williams, a prisoner confined at the Terre Haute Federal Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the South Bend Police Department, South Bend Police Officers James Taylor and Brian Young, and federal agent Bayne Bennett, caused him to be arrested and prosecuted for murder without probable cause. Pursuant to 28 U.S.C. § 1915A(a), the court screened the complaint, granted the plaintiff leave to proceed against defendants Taylor, Bennett, and Young in their personal capacities for damages on his Fourth Amendment false arrest and prosecution claim, and dismissed the South Bend Police Department and all other claims. Williams has now moved to amend his complaint to restore the South Bend Police Department as a defendant and to add two John Doe police officers.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile, and an amendment is

futile if it could not withstand a motion to dismiss. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993).

In its screening order, the court dismissed the South Bend Police Department because the doctrine of *respondeat superior* may not be used in a § 1983 action to hold a municipality responsible for all the acts of its employees; municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Nothing in the original complaint suggested that defendants Taylor and Young's actions were the result of a policy or practice established or sanctioned by municipal officials so the original complaint stated no official capacity damage claim against the South Bend Police Department.

In his amended complaint, Williams seeks leave to sue the South Bend Police Department "for failure to train their (sic) employees in proper investigative practices resulting in the false arrest of plaintiff." (Amended Complaint at p. 2). He also seeks to add two John Doe South Bend police officers, who he states arrested him for a different criminal charge than defendants Taylor, Bennett, and Young. Williams alleges that:

> On or about March 8, 2008, Patrolman John Doe No. 1 and No. 2 investigated an assault on Ernie Bragg. At no time did they use any investigative technology as simple as checking for fingerprints and blood of the alleged assailant at the scene of the crime. They merely took a statement without doing any modern and common investigating, resulting in the false arrest of plaintiff Williams who was charged with a Class A and B felony, Burglary resulting in serious bodily injury. The accuser, Ernie Bragg was jailed for separate offenses.

(Amended Complaint at p. 2).

Williams alleges in his amended complaint that the John Doe defendants arrested him without probable cause for burglary resulting in serious bodily injury. A false arrest claim, asserting an arrest based on no probable cause implicates the Fourth Amendment. *See Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir. 1996). Williams alleges that the John Doe police officers violated rights protected by the Constitution's Fourth Amendment when they arrested him based on unreliable witness testimony without conducting any further investigation.

A finding of probable cause does not require evidence sufficient for a conviction. *Illinois v. Gates,* 462 U.S. 213, 235 (1983). "Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause." *Id.,* quoting *Spinelli v. United States,* 393 U.S. 410, 419 (1969). The probable cause determination is based on the information available to the officers at the time they made the arrest. *Edwards v. Cabrera,* 58 F.3d 290, 292 (7th Cir. 1995).

> To succeed on his unlawful arrest claim . . . [the plaintiff] . . . must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

*Booker v. Ward,* 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted).

An arrest is legitimate if the arresting officer has probable cause to believe that a crime had been committed. *Qian v. Kautz*, 168 F.3d 949, 953 (1999) ("A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within her knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense.")

According to the amended complaint, on March 8, 2008, the John Doe officers arrested Williams for burglary resulting in serious bodily injury because Ernie Bragg told them that Williams had assaulted him. Even though Williams alleges that Bragg was lying, Bragg's statement is sufficient to support a finding of probable cause.

Because they had probable cause to arrest Williams, his claim that Officers John Doe 1 and 2 did not perform any "investigative technology as simple as checking for fingerprints and blood of the alleged assailant at the scene of the crime" before arresting him based on Bragg's statement simply states no claim upon which relief can be granted. That the arresting officers did not violate Williams's Fourth Amendment rights when they arrested him also means that his allegation that the South Bend Police Department failed to train its officers "in proper investigative practices" states no claim upon which relief can be granted.

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to amend his complaint to allow him to add the South Bend Police Department and two John Doe police officers as defendants (DE 29).

SO ORDERED

ENTERED: August 3, 2009

                               s/William C. Lee
                               William C. Lee, Judge
                               United States District Court