UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:09-CV-0017 WL |
| ) | |
| SOUTH BEND POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*OPINION AND ORDER*

Jerome Williams, a prisoner confined at the Terre Haute Federal Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the South Bend Police Department, South Bend Police Officers James Taylor and Brian Young, and federal agent Bayne Bennett,[1] caused him to be arrested and prosecuted without probable cause. Pursuant to 28 U.S.C. § 1915A, the court screened the complaint, granted the plaintiff leave to proceed against defendants Taylor, Bennett, and Young in their personal capacities for damages on his Fourth Amendment false arrest and prosecution claim, and dismissed the South Bend Police Department and all other claims.

Williams moved to amend his complaint to restore the South Bend Police Department as a defendant and to add two John Doe police officers. The amended complaint alleged that the John Doe defendants arrested him without probable cause for

---

[1] The claim against defendant Bennett arises under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather that § 1983. A claim pursuant to § 1983 requires "that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Because defendant Bennett is a federal officer, *Bivens* is applicable, but § 1983 is not.

burglary resulting in serious bodily injury and that the John Doe officers did not perform any "investigative technology as simple as checking for fingerprints and blood of the alleged assailant at the scene of the crime" (DE 29-2, p. 2) before arresting him based on a statement from Ernie Bragg stating that Williams had assaulted him. He sought to sue the South Bend Police Department on a failure to train theory. The court denied the plaintiff leave to amend his complaint because the statement of Earnie Bragg provided sufficient probable cause to arrest him for burglary.

Williams has now filed a motion for relief from that order, pursuant to Fed. R. Civ. P. 60(a), which allows corrections to a final judgment or other part of the record based on a clerical mistake, over-sight, or omission. He also states in his motion that he wishes to "correct the record as to the cause of action, as set forth in the attached memorandum." (DE 38 at p. 1).

Nothing in the plaintiff's submissions provide circumstances justifying the remedy of granting Rule 60(a) relief. The argument the plaintiff presents is that the John Doe officers engaged in a conspiracy with defendants Taylor, Young, and Bennett to arrest him without probable cause. But Williams did not present a conspiracy claim in his amended complaint. He is apparently arguing that the over-sight or omission justifying Rule 60 relief is his failure to assert a conspiracy theory in his amended complaint. But even if he had presented a conspiracy claim in his amended complaint it would have stated no claim upon which relief could be granted, and the court would have denied him leave to amend his complaint.

2

A conspiracy only exists if there is both "(1) an express or implied agreement among defendants to deprive plaintiff of his . . . constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). The actual deprivation of his rights alleged by Williams is a false arrest for burglary. But the court's finding that there was probable cause to arrest him for burglary precludes using that arrest to support a conspiracy claim.

The plaintiff also moves to clarify the record. The court in its screening order, and in its order dealing with the amended complaint, read the plaintiff's complaint as accusing defendants Taylor, Young, and Bennett of causing him to be arrested and prosecuted for murder without probable cause. In his motion for relief from order, Williams "moves to correct the record in that he was never arrested or prosecuted for murder without probable cause." (DE 38, memorandum in support at p. 1). Instead he states that his claim against defendants Taylor, Bennett, and Young, as well as the John Doe defendants he sought to add to the complaint, is that they "arrested him for 'burglary resulting in serious bodily injury' merely as a pretext for a murder investigation of which he was never formally prosecuted." (*Id.*). He states that "the defendants obtained a statement from Ernie Bragg stating that Williams had assaulted him" but that Bragg later recanted the statement. (*Id.*).

A false arrest claim, asserting an arrest based on no probable cause implicates the Fourth Amendment. *See Booker v. Ward,* 94 F.3d 1052, 1057 (7th

3

Cir. 1996). In its opinion and order of August 3, 2009, the court addressed Williams's claim that the John Doe police officers violated rights protected by the Constitution's Fourth Amendment when they arrested him based on unreliable witness testimony without conducting any further investigation.

A finding of probable cause does not require evidence sufficient for a conviction. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause." *Id.*, quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969). The probable cause determination is based on the information available to the officers at the time they made the arrest. *Edwards v. Cabrera*, 58 F.3d 290, 292 (7th Cir. 1995).

> To succeed on his unlawful arrest claim . . . [the plaintiff] . . . must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

*Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted).

An arrest is legitimate if the arresting officer has probable cause to believe that a crime had been committed. *Qian v. Kautz*, 168 F.3d 949, 953 (1999) ("A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within her knowledge and of which she has

4

reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense.")

In its opinion and order of August 3, 2009, dealing with the plaintiff's motion for leave to amend his complaint, this court concluded that:

> According to the amended complaint, on March 8, 2008, the John Doe officers arrested Williams for burglary resulting in serious bodily injury because Ernie Bragg told them that Williams had assaulted him. Even though Williams alleges that Bragg was lying, Bragg's statement is sufficient to support a finding of probable cause.

(DE 30 at p. 4).

Williams has now clarified the claims raised in his complaint by stating that his claim against defendants Taylor, Bennett, and Young is the same as that he sought to bring against the John Doe officers — that they arrested him for burglary resulting in serious bodily injury based on the statement of Ernie Bragg. Thus the claim against defendants Taylor, Bennett, and Young is the same as the failed claim against the John Doe officers, rather than being a separate claim that they falsely arrested and prosecuted him for murder.

After a complaint is filed, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to *sua sponte* dismiss a prisoner's claim at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The plaintiff's clarification of his complaint establishes that he states no claim against defendants Taylor, Bennett, and Young upon which relief can be granted. If a plaintiff "pleads facts that show his suit is

. . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff's motion for relief from the court's order of August 3, 2009, and to clarify his complaint (DE 38) in part, and DENIES it in part. The court DENIES the plaintiff's request for relief from the court's denial of his motion for leave to amend his complaint. The court GRANTS the plaintiff's request to clarify his complaint to allege only that defendants Taylor, Bennett, and Young falsely arrested him for burglary, not that they falsely arrested and prosecuted him for murder;

(2) Based on the plaintiff's clarification of his complaint, the court *sua sponte*, DISMISSES the complaint against defendants James Taylor, Brian Young, and Bayne Bennett, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint, as clarified, states no claim against them upon which relief can be granted; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED

ENTERED: August  20 , 2009

s/William C. Lee<br>
William C. Lee, Judge<br>
United States District Court