UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:09-CV-0017 WL |
| ) | |
| SOUTH BEND POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*OPINION AND ORDER*

Jerome Williams, a prisoner confined at the Terre Haute Federal Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the South Bend Police Department, South Bend Police Officers James Taylor and Brian Young, and federal agent Bayne Bennett,[1] caused him to be arrested and prosecuted without probable cause. Pursuant to 28 U.S.C. § 1915A, the court screened the complaint, granted the plaintiff leave to proceed against defendants Taylor, Bennett, and Young in their personal capacities for damages on a Fourth Amendment false arrest and prosecution claim, and dismissed the South Bend Police Department and all other claims.

Williams moved to amend his complaint to restore the South Bend Police Department as a defendant and to add two John Doe police officers. The amended complaint alleged that the John Doe defendants arrested him without probable cause for

---

[1] The claim against defendant Bennett arises under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather that § 1983. A claim pursuant to § 1983 requires "that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Because defendant Bennett is a federal officer, *Bivens* is applicable, but § 1983 is not.

burglary resulting in serious bodily injury and that the John Doe officers did not perform any "investigative technology as simple as checking for fingerprints and blood of the alleged assailant at the scene of the crime" (DE 29-2, p. 2) before arresting him based on a statement from Ernie Bragg stating that Williams had assaulted him. He sought to sue the South Bend Police Department on a failure to train theory. The court denied the plaintiff leave to amend his complaint because the statement of Earnie Bragg provided sufficient probable cause to arrest him for burglary.

Soon afterward, Williams filed a motion for relief from the court's order and to correct the record. Williams asked the court to reconsider its denial of his request to add the officers who arrested him for assault, which the court denied. He also moved to "correct the record in that he was never arrested or prosecuted for murder without probable cause." (DE 38, Memorandum at 1). The court granted the plaintiff's request to clarify the record, and then *sua sponte* dismissed the complaint against defendants Taylor, Young, and Bennett, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint, as clarified, stated no claim against them upon which relief could be granted.

Williams has now filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(c),[2] which allows corrections to a final judgment or other part of the record based on a clerical mistake, over-sight, or omission. Giving Williams the benefit of the

---

[2] The plaintiff also cites Fed. R. Civ. P. 52(c). This rule states that a judgment on partial findings in a nonjury trial "must be supported by findings of facts and conclusions of law as required by Rule 52(a)." This rule has no application to the judgment in this case because the court dismissed the complaint before trial.

2

mailbox rule, he filed his response within ten days of judgment being entered, and the court will consider his filing as a motion filed pursuant to Fed. R. Civ. P. 59(e).

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill.) (Citations omitted).

The plaintiff states that his original pleading was a "rambling synopsis from the pro se prisoner who has little education and no knowledge of the law." (DE 42, Memorandum at 1). In that complaint, Smith mentioned a murder investigation several times, and stated that the defendants "played a major part in getting the victim and other people in an unsolved murder to falsely accuse me." (DE 1 at 3) The court construed his complaint as alleging that the defendants had caused him to be falsely arrested and prosecuted for murder.

Williams first argues that the court erred in denying his motion for leave to amend his complaint, asserting that leave to amend should be freely given, especially to *pro se* prisoners. (DE 42, Memorandum at 1). The proposed amended complaint would have restored the South Bend Police Department as a defendant and added two John Doe police officers. The amended complaint alleged that the John Doe defendants arrested him without probable cause for burglary resulting in serious bodily injury and that the John

3

Doe officers did not perform any "investigative technology as simple as checking for fingerprints and blood of the alleged assailant at the scene of the crime" (DE 29-2, p. 2) before arresting him based on a statement from Ernie Bragg stating that Williams had assaulted him. He sought to sue the South Bend Police Department on a failure to train theory.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A court must also screen amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F.Supp.2d 633 (N.D.Ind. 1998). The court reviewed the claims presented in the proposed amended complaint pursuant to § 1915A, and denied the plaintiff leave to amend his complaint because the statement of Earnie Bragg provided sufficient probable cause to arrest him for burglary. None of the arguments or cases cited by Williams in his motion to alter or amend judgment provides a valid reason to set aside the judgment, reopen the case, and allow Williams to proceed on his amended complaint.

Williams also argues that "the document used to clarify the fact that he was not criminally charged with murder, was for that purpose only, not to state that the cause of action was soley (sic) false arrest" (DE 42, Memorandum at 4), and that the court should not have used it to justify the dismissal of his complaint. But after a complaint is filed, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to *sua sponte* dismiss a prisoner's claim at any time if the court determines that it is frivolous or malicious, fails to state a claim on which

4

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

Williams's clarification established that his claim against defendants Taylor, Bennett, and Young was the same as the one he sought to bring against the John Doe defendants, which the court had already concluded stated no claim upon which relief could be granted. The proposed amended complaint established that probable cause existed for the arrest of the plaintiff for battery and, accordingly, he has no false arrest or malicious prosecution claim against any defendant.

Williams alleged that the John Doe officers "conspired with ATF Agent Bennett and Earnie Bragg, Chris Degutch and others to get Dugitch to state that he hired Williams to murder Ms. Shields. (DE 29-2 at 3). But Williams concedes that he was never arrested or prosecuted for murder, so he can have no claim against the defendants for false arrest or malicious prosecution for murder or for conspiring to have him arrested or prosecuted for murder.

He also alleges that the defendants "also got Bragg to give statements the he was a drug dealer and worked with Williams and was present when Williams sold crack cocaine and carrying a pistol." (*Id*.). The docket of this court establishes that Williams was

5

prosecuted and convicted on federal charges of selling distributing, or dispensing crack cocaine and possession of a weapon. *United States of America v. Jerome Williams, Jr.,* 3:08-cr-72 RLM-1. But Williams may not bring false arrest, malicious prosecution, or conspiracy charges for this prosecution until he has had his conviction overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (if the remedy sought by a prisoner would require a finding or judgment that would render a conviction or sentence invalid, the plaintiff must first prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). To conclude that the defendants conspired to provide false evidence that resulted in Williams's conviction of a crime he did not commit would require a finding or judgment that undermines his criminal conviction.

For the foregoing reasons, the court DENIES the plaintiff's motion to alter or amend judgment (DE 42).

SO ORDERED

ENTERED: September  16 , 2009

                                       s/William C. Lee
                                       William C.  Lee, Judge
                                       United States District Court